MMR/rmn/Doc#2615010 8362-10006

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SHAUN FAULEY,

Plaintiff,

V.

THOMAS VETERINARY DRUG, INC.,

Defendant.

Court No.: 1:10-cv-08070

Honorable James B. Zagel

## ANSWER AND AFFIRMATIVE DEFENSES OF THOMAS VETERINARY DRUG, INC. TO PLAINTIFF'S COMPLAINT

NOW COMES the defendant, THOMAS VETERINARY DRUG, INC. (hereinafter "Thomas"), by and through its attorney, Marilyn M. Reidy; Johnson & Bell, Ltd., of counsel, and for its answer and affirmative defenses to the Complaint heretofore filed by the plaintiff, here states as follows:

### Answer to Plaintiff's Preliminary Statement

1. This case challenges Defendant's practice of faxing unsolicited advertisements.

**ANSWER:** Thomas admits only that the Plaintiff's complaint challenges Thomas' alleged transmission of a facsimile to Plaintiff, but denies the remaining allegations set forth in Paragraph 1. Further answering, the Defendant denies any liability to the Plaintiff under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, or otherwise.

2. The federal Telephone Consumer Protection Act, 47 U.S.C. § 227, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission ("junk faxes" or "unsolicited faxes"). The TCPA provides a private right of action and provides statutory damages of $500 per violation.

**ANSWER:** Thomas denies that the Plaintiff has fully stated the substance of the TCPA and denies any violation of the TCPA as to the Plaintiff, and further denies any right on the part of the Plaintiff to statutory damages or other relief from Thomas.

3. Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

**ANSWER:** Thomas denies the allegations set forth in Paragraph 3 and specifically denies Plaintiff's characterization of the subject fax allegedly sent to the Plaintiff by Thomas.

4. On behalf of himself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the TCPA, the common law of conversion.

**ANSWER:** Thomas denies any liability under the TCPA as to the Plaintiff and specifically denies that Plaintiff is entitled to class action certification of Plaintiff's TCPA claims. Thomas further denies any liability under the claim of conversion and specifically denies that the Plaintiff is entitled to class action certification for a conversion claim.

5. Plaintiff seeks an award of statutory damages for each violation of the TCPA.

**ANSWER:** Thomas denies having violated the TCPA and further denies any right on the part of the Plaintiff for recovery of any statutory damages or any other form of relief for Thomas' alleged violation of the TCPA.

## Jurisdiction and Venue

6. Jurisdiction is conferred by 735 ILCS 5/2-209 in that Defendants have transacted business and committed tortuous acts related to the matters complained of herein.

**ANSWER:** Thomas denies having committed a tortuous act in Illinois, but further answering, affirmatively alleges that this Court has valid subject matter jurisdiction over this case pursuant to the provisions of 28 U.S.C. Sec. 1331.

7. Venue is proper in Cook County, pursuant to 735 ILCS 5/2-101, et seq. because Defendant is a foreign corporation and Defendant committed tortuous acts in Illinois..

**ANSWER:** Thomas denies having committed a tortuous act in Cook County, Illinois, but further answering, affirmatively states that the venue of this case is proper in the United States District Court for the Northern District of Illinois, Eastern Division.

8. Federal jurisdiction does not exist because no federal question or claim is asserted and Plaintiffs' individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees. Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all forms of damages and fees.

**ANSWER:** Thomas denies the alleged absence of federal jurisdiction in this matter and affirmatively states that Thomas has timely removed this case to federal court based on the court's subject matter jurisdiction (federal question jurisdiction) over cases arising under the laws of the United States, including the TCPA, and Plaintiff has not objected to the court's exercise of subject matter jurisdiction in this case.

## Parties

9. Plaintiff is an Illinois resident.

**ANSWER:** Upon information and belief, Thomas admits the allegations set forth in Paragraph 9 of the Plaintiff's complaint.

10. On information and belief, Defendant, THOMAS VETERINARY DRUG, INC. a/k/a THOMAS LABORATORIES is an Arizona corporation, which has its principal place of business in Tolleson, Arizona. Defendant does business under the name Thomas Laboratories.

**ANSWER:** Thomas admits that it is an Arizona corporation with its principal place of business in Tolleson, Arizona. The Defendant denies all other allegations of Paragraph 10.

**Facts**

11. On or about October 7, 2006, Defendant faxed an advertisement to Plaintiff. A copy of the facsimile is attached hereto as Exhibit A.

**ANSWER:** Thomas denies the allegations of Paragraph 11.

12. Defendant created or made Exhibit A which is a good or product which Defendant distributed to Plaintiff and the other members of the class.

**ANSWER:** The Defendant admits that it created Exhibit A but denies all other allegations of Paragraph 12.

13. Exhibit A is a part of Defendant's work or operations to market Defendant's goods or services which was performed by Defendant and on behalf of Defendant. Therefore, Exhibit A constitutes material furnished in connection with Defendant's work or operations.

**ANSWER:** Thomas admits that Exhibit A is intended to market goods on behalf of Thomas. Thomas denies all other allegations of Paragraph 13.

14. Plaintiff had not invited or given permission to Defendant to send fax advertisements.

**ANSWER:** Thomas is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Plaintiff's complaint.

15. On information and belief, Defendant faxed the same and similar advertisements to Plaintiff and more than 39 other recipients without first receiving the recipients' express

permission or invitation. Defendant's advertisement did not display a proper opt out notice as required by 64 C.F.R. 1200.

**ANSWER:** Thomas denies the allegations set forth in Paragraph 15.

16. There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

**ANSWER**: Thomas denies the allegations set forth in Paragraph 16, and further answering denies that the fax which Thomas allegedly sent to the Plaintiff constituted an "illegal" fax, either under the TCPA or otherwise.

**COUNT I**
**TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227**

17. Plaintiff incorporates the preceding paragraphs as though fully set forth therein.

**ANSWER:** Thomas repeats and realleges its answers to Paragraphs 1 – 16 as its answer to Paragraph 17 as though fully set forth herein.

18. In accordance with 735 ILCS 5/2-801, Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes, (4) with whom Defendant did not have an established business relationship, and (5) which did not display a proper opt out notice.

**ANSWER:** Thomas denies Plaintiff's entitlement to bring class action for alleged violation of the TCPA, either on behalf of the Plaintiff himself or as to any other person or persons that Plaintiff claims to be a member or members of the putative class.

19. A class action is warranted because:

(a) On information and belief, the class includes forty or more persons and is so numerous that joinder of all members is impracticable.

(b) There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

(i) Whether Defendant sent unsolicited fax advertisements;

(ii) Whether Defendant's facsimiles advertised the commercial availability of property, goods, or services;

(iii) The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iv) Whether Defendant faxed advertisements without first obtaining the recipients' express permission or invitation;

(v) Whether Defendants violated the provisions of 47 U.S.C. § 227;

(vi) Whether Plaintiff and the other class members are entitled to statutory damages;

(vii) Whether Defendant should be enjoined from faxing advertisements in the future;

(viii) Whether the Court should award trebled damages; and

(ix) Whether Exhibit A and Defendant's other advertisements displayed a proper opt out notice as required by 64 C.F.R. 1200.

**ANSWER:** Thomas denies the allegations set forth in Paragraph 19.

20. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving

unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

**ANSWER:** Upon information and belief, Thomas denies the allegations set forth in Paragraph 20.

21. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

**ANSWER:** Thomas denies the allegations of Paragraph 21.

22. The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine…." 47 U.S.C. § 227(b)(1).

**ANSWER:** Thomas denies that Plaintiff has fully stated the provisions of the TCPA and further answering, denies having violated any provision of the Act.

23. The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

**ANSWER:** Thomas denies that Plaintiff has fully stated the provisions of the TCPA and further answering, denies having violated any provision of the Act.

24. The TCPA provides:

> 3. Private right of action. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> > (A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

> (B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) Both such actions.

**ANSWER:** Thomas denies that Plaintiff has fully stated the provisions of the TCPA and further answering, denies having violated any provision of the Act.

25. The Court, in its discretion, can treble the statutory damages if the violation was knowing, 47 U.S.C. § 227.

**ANSWER:** Thomas admits only to the nature of the damages available under the TCPA and appropriate cases, but denies any liability for such damages in this case.

26. Defendant violated the 47 U.S.C. § 227 et seq. by sending advertising faxes (such as Exhibit A) to Plaintiff and the other members of the class without first obtaining their prior express invitation or permission and by not displaying a proper opt out notice as required by 64 C.F.R. 1200.

**ANSWER:** Thomas denies the allegations of Paragraph 26.

27. The TCPA is a strict liability statute and Defendant is liable to Plaintiff and the other class members even if its actions were only negligent.

**ANSWER:** Thomas denies the allegations of Paragraph 27.

28. Defendant knew or should have known that Plaintiff and the other class members had not given express invitation or permission for Defendant or anybody else to fax advertisements about Defendant's goods or services, that Plaintiff the other class members did not have an established business relationship with Defendant, that Exhibit A is an advertisement, and that Exhibit A and the other advertisements Defendant sent did not display the proper opt out notice as required by 64 C.F.R. 1200.

**ANSWER:** Thomas denies the allegations of Paragraph 28.

29. Defendant's actions caused damages to Plaintiff and the other class members. Receiving Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendant's faxes. Moreover, Defendant's faxes used Plaintiff's fax machine. Defendant's faxes cost Plaintiff time, as Plaintiff and his employees wasted their time receiving, reviewing and routing Defendants' illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Finally, Defendant's faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone. Finally, the injury and property damage sustained by Plaintiff and the other class members from the sending of Exhibit A occurred outside Defendant's premises.

**ANSWER:** Thomas denies the allegations set forth in Paragraph 29 and specifically denies Plaintiff's characterizations relating to "junk faxes", "illegal faxes", and unlawful interruption of the privacy interests of the Plaintiff or others.

30. Even if Defendant did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendant's advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

**ANSWER:** Thomas denies the allegations set forth in Paragraph 30.

## COUNT II

## CONVERSION

31. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

**ANSWER**: Thomas repeats and realleges the preceding answers to the preceding paragraphs as its answer to paragraph 31 as though fully set forth herein.

32. In accordance with 735 ILCS 5/2-801, Plaintiff brings Count II for conversion under the common law for the following class of persons:

> All persons (1) who on or after a date five years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods or services by or on behalf of Defendant, (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes, and (4) with whom Defendant did not have an established business relationship.

**ANSWER:** Thomas denies Plaintiff's entitlement to bring a class action for conversion, either on behalf of the Plaintiff himself or as to any other person or persons that Plaintiff claims to be a member or members of the putative class.

33. A class action is proper in that:

(a) On information and belief the class consists of forty or more persons and is so numerous that joinder of all members is impracticable.

(b) There are questions of fact or law common to the class predominating over all questions affecting only individual class members, including:

(i) Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

(ii) The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements; and

(iii) Whether Defendant committed the tort of conversion.

**ANSWER**: Thomas denies the allegations of paragraph 33.

34. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims

involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

**ANSWER**: Upon information and belief, Thomas denies the allegations of paragraph 34.

35. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

**ANSWER**: Thomas denies the allegations of paragraph 35.

36. By sending Plaintiff and the other class members unsolicited faxes, Defendant improperly and unlawfully converted their fax machines, toner and paper to its own use. Defendant also converted Plaintiff's employees' time to Defendant's own use.

**ANSWER**: Thomas denies the allegations of paragraph 36.

37. Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

**ANSWER:** Thomas denies the allegations of paragraph 37.

38. By sending the unsolicited faxes, Defendant permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendant's own use. Such misappropriation was wrongful and without authorization.

**ANSWER**: Thomas denies the allegations of paragraph 38.

39. Defendant knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

**ANSWER:** Thomas denies the allegations of paragraph 39.

40. Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner and employee time, which could no longer be used for any other purpose.

Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendant.

**ANSWER**: Thomas denies the allegations of paragraph 40.

41. Each of Defendant's unsolicited fax advertisements effectively stole Plaintiff's employees' time because multiple persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendant's illegal faxes. Defendant knew or should have known employees' time is valuable to Plaintiff.

**ANSWER:** Thomas denies the allegations of paragraph 41.

42. Defendant's actions caused damages to Plaintiff and the other members of the class because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner as a result. Defendant's actions prevented Plaintiff's fax machines from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax machines for Defendant's illegal purpose. Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing,, and reviewing Defendant's illegal faxes, and that time otherwise would have been spent on Plaintiff's business activities.

**ANSWER**: Thomas denies the allegations of paragraph 42.

## AFFIRMATIVE DEFENSES

NOW COMES THE DEFENDANT, Thomas Veterinary Drug, Inc., by and through its attorney, Marilyn M. Reidy of Johnson & Bell, Ltd., of counsel, and for its Affirmative Defenses to Count I of the Complaint heretofore filed by the Plaintiff, states as follows:

### FIRST AFFIRMATIVE DEFENSE

(Established Business Relationship)

Plaintiff's TCPA claim against Thomas is barred to the extent that Thomas had an established business relationship with the Plaintiff and/or other putative class members.

**SECOND AFFIRMATIVE DEFENSE**

(Posting A Facsimile Number)

Plaintiff's TCPA claim against Thomas is barred to the extent that Thomas obtained Plaintiff's facsimile number from a directory, advertisement, or site on the Internet to which Plaintiff voluntarily agreed to make available its facsimile number for public distribution.

**THIRD AFFIRMATIVE DEFENSE**

(Opt Out Provision)

Plaintiff's TCPA claim against Thomas is barred as the facsimile at issue provided a sufficient opt-out provision.

**FOURTH AFFIMATIVE DEFENSE**

(De Minimus Doctrine)

Plaintiff's conversion claim against Thomas is barred under the doctrine of de minimus non curate lex, as the damages at issue are trivial in nature. .

WHEREFORE, the Defendant, Thomas Veterinary Drug, Inc., prays for judgment in its favor and against the Plaintiff and for recover of its costs of this action and such other and further relief as the Court deems fit.

Thomas Veterinary Drug, Inc. demands trial by jury.

Respectfully submitted,

**s/ Marilyn M. Reidy**
Marilyn M. Reidy Bar Number: 6207505
Attorney for Defendant
Thomas Veterinary Drug, Inc.
Of counsel
Johnson & Bell, Ltd.
33 West Monroe Street, Suite 2700
Chicago, IL 60603
Telephone: (312) 372-0770
Fax: (312) 372-9818
E-mail: reidym@jbltd.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 7, 2011, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

**s/ Marilyn M. Reidy**
Marilyn M. Reidy Bar Number: 6207505
Attorney for Defendant
Thomas Veterinary Drug, Inc.
Of counsel
Johnson & Bell, Ltd.
33 West Monroe Street, Suite 2700
Chicago, IL 60603
Telephone: (312) 372-0770
Fax: (312) 372-9818
E-mail: reidym@jbltd.com